### IN THE

## SUPERIOR COURT

### OF THE

## TERRITORY OF ORLEANS.

———◦———

FALL TERM—1809—FIRST DISTRICT.

———◦———

### DEWEES vs. MORGAN.

THIS was an action brought to recover the price of a negro man sold, with his wife and children, to the plaintiff, at public auction, by the defendant, consignee of a cargo of negroes.

THE petition alleged that the negro man, who died ten or twelve days after the sale, had the seeds of the fatal disease in him before, and therefore the plaintiff was entitled to recover the consideration money.

IT appeared in evidence that the slave had been slightly unwell a few days before the sale, tho' the physician who attended him did not consider him, at the time, as dangerously ill; but the doctor, under whose care he was placed by his new master, testified that the negro died of the yellow fever, a disorder which he considered as incurable in its stage at the time of the sale.

*If a slave has at the time of the sale, the seeds of a disease of which he afterwards dies, the vendor shall restore the price.*

A

DEWEES
vs.
MORGAN.

THE defendant proved that before the sale began, notice was given that it was expected that if any objection lay to any of the negroes, it should be communicated in the course of the following day—that the plaintiff was present when this notice was given—and that he had forborne to make any objection until the third day.

No fraud was suggested, neither was it pretended that the defendant was aware of the dangerous situation of the slave.

*Brown* for the plaintiff. By the statute of this territory, commonly called the *Civil Code*, 358, and 80, leprosy, madness, and epilepsy, are enumerated as redhibitory defects, in the sale of slaves. Other infirmities are declared redhibitory defects in such cases only, in which they are incurable by their nature, so that the slave subject thereto is absolutely unfit for the services for which he is destined, or his services are so difficult, inconvenient and interrupted, that it is presumed the buyer would not have bought him at all, or would not have given the same sum, if he had known that he laboured under the infirmity.

IN this instance, the statute follows the law of this country as it stood before its passage. The redhibitory action was not confined to any particular or definite disease, but extended to all such as baffle the skill of the physician, particularly *malignant fevers;* and when the disorder existed at the time of the sale, or manifested itself *within three days*, the sale was considered as void, and the consideration recoverable.

*Asimismo se segue haber lugar la redhibitoria,* o quanto minoris, *en el esclavo por defecto corporal de tener alguna mala enfermetad, segun unas leyes de partidas.* L. 64. 65 *T.* 5. *P.* 5, *como* calentura grande *e non pequena, como si dice en el derecho;* Pand. L 21, *T.* 1. L. 4, § 6. *Non denique febriculam quantamlibet ad causam hujus edicti pertinere.* Cur. Phil. Commercio Terrestre, *Cap* 13, *Redhibitoria* § 14.

*Si el siervo ouiesse alguna enfermedad mala en cubierta,* Part. 5, *T.* 5. L. 6.

*Si es nacido el vicio incontinente,* o tres dias *despues de la venta se presuma ser habido antes de ella, y se puede pedir.* Cur. Phil. *ibid,* § 25.

Selling for a sound price implies a warranty of all faults and defects *known and unknown* to the seller. And although a man does not warrant the longevity of a negro, yet if he had the seeds of a disorder in him at the time of the sale, the seller is liable in case of his death—*Timrod* vs. *Shoolbred.* 1 *Bay* 324.

*Hennen* for the defendant. In sales at auction purchasers take negroes at all risks, and as the plaintiff knew that the negro was sick he cannot now call on the seller as the insurer of the risk he ran. This knowledge of the sickness, the lowness of the price, and the season of the year, tend to shew that the bid must have been made with an eye to the probable danger.

THIS principle is recognized by *Domat,* book

FALL 1809,
First District.

DEWEES
*vs.*
MORGAN.

1, *T.* 2. *S.* 7, § 2, supported from the institutes of Justinian. *Periculum rei venditæ statim ad emptorem pertinet, tametsi adhuc ea res emptori redita non sit* and the Code also. *Post perfectam venditionem, omne commodum & incommodum quod rei venditæ contingit, ad emptorem pertinet.* The same doctrine is also found in the 5 *Partida, Tit.* 5 *L.* 23. When a sale is completed all risks attending the property fall on the vendee, though there has been no delivery, unless the injury be occasioned by the fault of the vendor, and an example is given of a slave buying after the sale. *Como si ouiesse comprado alguno siervo o otra cosa qualquierra e despues que la vendida fuesse complida, enfermare, en guisa que pierda alguno miembro o se muriesse ; sin culpa del vendedor,* in which case, the loss falls upon the vendee. The case of the slave dying, *Gregorio de Lopez,* in his commentary on the *partida* cited, says is also put in the Roman law. *Code L.* 4, *Tit.* 48, *L.* 6.

THE act of the legislature of this territory was penned with a view to a specification of the defects which particularly give the redhibitory action, and the defects which are mentioned in the article cited after leprosy, madness, and epilepsy, must be of the same nature, *lasting disorders,* and not merely a violent sickness which destroys at once.

*By the Court,* LEWIS *J. alone,* In this case

there is certainly more of hardship than difficulty. The loss cannot be divided and it seems hard that either party should sustain it entire. But as it must be done by one of the parties only, the hardship will be less if it fall on the vendor. The vendor by restoring the price of the slave will be no poorer than if he had not sold him; for in all human probability, the slave would have died at the time he did, if no sale had been made. The Court, however, is to decide upon the law, not upon the hardship of the case.

THE doctrine upon the sale of defective property is plainly laid down in the statute of the territory which has been cited. Where the vendor is apprised of the defect of the thing sold, he is liable to the vendee, not only for the restoration of the price, but such damages as he may have sustained. *Civile Code* 358, *art*. 71, but if he be ignorant of the defect he shall restore only the price and costs of sale—*Ibid.* 72.

IN the present case it appears to me the plaintiff paid a sound price; the difference between the proceeds of the remaining part the family, at a private sale, and the price paid for them at the auction, is no greater than what might have been expected. Property generally brings more when the vendor deliberately looks for a purchaser, than when it is brought under the hammer, and I recognize the principle that a sound price implies a warranty of the soundness of the chattel.

BUT it is contended, by the defendant's counsel, that the principle, with regard to the sales of slaves, is confined in the 80th article, p. 358 of the *Civil Code*, to the cases of leprosy, madness, epilepsy and the like, and extends not to such ailment or infirmity which is in its nature incurable. The code contemplates such maladies as pursue the subject through life, and though rarely, of themselves, the immediate cause of death, do not yield to the influence of medicine.

THE construction which I give to this article is a plain, and I trust, a just one, and in unison with the doctrine laid down in the preceding articles. It is this: If a slave at the time of the sale be a leper, mad, or epilectic, the redhibitory action accrues immediately, and the vendee is not bound to attempt the cure of a disease which is presumed incurable. It is the same with regard to such other infirmities as may he considered as incurable, and render the slave unfit for any service, particularly for the one for which he is intended—such as a confirmed rheumatism, the gravel, a broken arm in the case of a negro intended to be employed in a blacksmith's shop.

BUT if the disorder be such as from its nature will yield to medicine in a reasonable time, as a fever or the like, the redhibitory action does not accrue to the vendee on his discovering it, unless the vendor knew the situation of the slave; but if the slave die of that malady, without the fault or neglect of the vendee, the action will

attach. For the injury to him would be the same as if the malady had been one of those which are incurable, and this will bring the case within the 73d. art. p. 358 of the *Civil Code ;* that if a thing perish by reason of some inherent vice, existing, at the time of sale, the vendor is liable to restore the price, as soon as the loss is ascertained.

It appearing in this case that the negro was unwell before the sale, and that within three days after he was afflicted with a disease of which he shortly afterwards died, it is to be presumed that the malady had inception previous to, and existed at the time of, the sale, and the judgment of the Court is, that the plaintiff do recover the consideration paid.